UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

BEVERLY PERRI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____

## COMPLAINT

    Plaintiff BEVERLY PERRI sues Defendant ROYAL CARIBBEAN CRUISES LTD. and alleges as follows:

### PARTIES, JURISDICTION & VENUE

    1.    Plaintiff, BEVERLY PERRI, is a citizen and resident of Ohio.

    2.    Defendant, ROYAL CARIBBEAN CRUISES LTD., is a Liberian corporation with its principal place of business in Miami-Dade County, Florida.

    3.    This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Florida Statutes, Sections 48.193(1)(a)(1) and (2), because this cause of action arises from Defendant operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida and because Defendant is engaged in substantial and not isolated activity in Florida.

    4.    This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1391(b), because the Defendant resides in the Southern District of Florida and because Defendant consented to venue in this district under section 10 of the parties' Ticket Contract.

**CONDITIONS PRECEDENT**

6. Plaintiff has complied with all conditions precedent to bringing this action.

**GENERAL ALLEGATIONS**
**(Crewmember's Negligence)**

7. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare-paying passengers and for this purpose operated, among other vessels, the "OASIS OF THE SEAS" (the "vessel").

8. At all material times, Plaintiff was a fare-paying passenger aboard the vessel.

9. On January 16, 2023, Plaintiff was returning to the vessel from an outing on CocoCay, a private island in the Bahamas that is owned by Defendant.

10. At this time, Plaintiff, although generally able to walk with the assistance of a cane, was using an electric scooter to help move from place to place.

11. Plaintiff arrived at the bottom of the vessel's gangway, where she was met by a crewmember of the Defendant who was dressed in the uniform worn by the Defendant's employees.

12. The crewmember was assisting and overseeing the boarding of the vessel by passengers.

13. At the bottom of the gangway, the crewmember proceeded to take control of the electric scooter so that Plaintiff could walk up the gangway using the assistance of the gangway railing.

14. As Plaintiff reached for the railing and started to get off the scooter, the crewmember suddenly drove the electric scooter forward as Plaintiff was getting off of it, causing both the electric scooter to tip over and Plaintiff to fall to the ground.

15. The incident occurred in such a manner that the crewmember had to grab on to the scooter to prevent it from further tipping and falling on top of the Plaintiff.

16. At all material times, the crewmember owed the Plaintiff, a fare-paying passenger lawfully on board a passenger vessel that the crewmember serviced, a duty of exercising reasonable care under the circumstances.

17. This included the duty of exercising reasonable care when assisting and overseeing passengers as they board a cruise vessel.

18. Alternatively, the crewmember owed a duty of care to the Plaintiff because he undertook to provide a service to the Plaintiff by proceeding to take control of the Plaintiff's electric scooter so that she could continue up the gangway.

19. The crewmember breached his duty or duties by failing to exercise reasonable care when assisting and overseeing the Plaintiff's boarding of the vessel.

20. As a direct and proximate result of the fall, Plaintiff sustained an intertrochanteric fracture of her femur, among other injuries.

**COUNT 1**
**Vicarious Liability**
**(Crewmember's Actual Authority)**

21. Plaintiff re-alleges and incorporates the paragraphs preceding Count 1 as though fully set forth herein.

22. At all material times, the crewmember assisting and overseeing the boarding of the vessel by passengers was an actual agent of Defendant.

23. With respect to assisting and overseeing the boarding of the vessel by passengers, the Defendant acknowledged that the crewmember acted for it, the crewmember accepted the undertaking, and Defendant controlled the crewmember's actions.

24. More specifically, at all material times:

   a. the Defendant provided—and the crewmember wore—a standard crew uniform;

   b. the crewmember performed a job—assisting and overseeing passengers who were boarding the vessel;

   c. the Defendant allowed the crewmember to perform this job;

   d. on this and other voyages, the Defendant's routine and practice was to place at least one employee crewmember at the bottom of gangways to assist and oversee passengers as they boarded its vessels; and,

   e. the Defendant had a written policy governing gangway assistance to passengers using wheelchairs or motorized scooters and, in that policy, used the term "We" when referring collectively to both itself and its crewmembers.

25. In assisting and overseeing the boarding of the vessel by passengers, the crewmember was acting within the course and scope of his employment.

26. Accordingly, the Defendant is liable to Plaintiff for the negligence of the crewmember.

## COUNT 2
### Vicarious Liability
### (Crewmember's Apparent Authority)

27. Plaintiff re-alleges and incorporates the paragraphs preceding Count 1 as though fully set forth herein.

28. At all material times, the crewmember assisting and overseeing the boarding of the vessel by passengers was an apparent agent of Defendant.

29. The Defendant represented to Plaintiff that the crewmember was its agent by allowing him to dress in the same uniform as Defendant's employees and perform actions that Defendant's employees perform, including assisting and overseeing the boarding of the vessel by passengers.

30. The Plaintiff reasonably believed that the crewmember had the authority to act for the benefit of the Defendant and reasonably acted on such belief to her detriment.

31. More specifically,

   a. the Plaintiff has traveled on numerous cruise vessels before, including cruise vessels operated by Defendant;

   b. during these travels she observed uniformed crewmembers assisting passengers in boarding and disembarking the vessel on the gangway;

   c. based on her numerous prior experiences, she reasonably believed that, like the other crewmembers she had observed in the past, the uniformed crewmember she encountered at the bottom of the gangway had the authority to act for Defendant; and

   d. if the Plaintiff had not believed that the crewmember had the authority to act for the Defendant, she would have never allowed him to attempt to oversee and assist her in boarding.

32. Accordingly, the Defendant is liable to Plaintiff for the negligence of the crewmember.

**PRAYER FOR RELIEF**

33. WHEREFORE, Plaintiff demands judgment against Defendant for her damages in amounts to be proven at trial as well as any other relief to which Plaintiff is entitled.

## **DEMAND FOR JURY TRIAL**

Under the saving to suitors clause of 28, United States Code, Section 1333(1), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 6, 2023                    Respectfully submitted,

                                            **Maderal Byrne & Furst PLLC**
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, Florida 33134
Telephone: (305) 520-5690

**John R. Byrne**
John R. Byrne
Florida Bar No.: 0126294
john@maderalbyrne.com
Nicole Estrada
Florida Bar No.: 1017979
nicole@maderalbyrne.com

*Attorneys for Plaintiff Beverly Perri*