**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-21309-CV-WILLIAMS/REID

BEVERLY PERRI,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

Defendant.

---

**PLAINTIFF BEVERLY PERRI'S APPEAL**
**OF MAGISTRATE JUDGE DISCOVERY ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), Rule 72(a), and Local Mag. J. Rule 4(a)(1), Plaintiff Beverly Perri appeals from the September 14, 2023 order from the Magistrate Judge concerning Ms. Perri's motion to compel production of the investigative report of Ms. Celestial Junsay and related materials.

## INTRODUCTION

A party cannot use the work product privilege as both a shield and a sword. That is precisely what Royal Caribbean Cruises Ltd. is doing in this case.

Clearly, a party can assert the work product privilege over its private investigator's files. However, there is equally clear Supreme Court precedent that once a party affirmatively relies on the testimony of that private investigator based on the content of her investigation, the work product privilege can no longer be asserted. *See United States v. Nobles*, 422 U.S. 225 (1975).

Here, Royal Carribbean asserted work product privilege over its private investigator's files, but has also recently confirmed that it will affirmativey rely on her testimony at trial and potentially, therefore, her upcoming deposition.

Ms. Perri moved to compel the files before the Magistrate Judge, who denied the motion. Because the Magistrate Judge did not rule on the specific issue presented to the Court, her ruling was contrary to law.

## FACTUAL BACKGROUND

On January 16, 2023, Ms. Perri was returning to a Royal Caribbean vessel from an outing on CocoCay. (DE 17 at ¶ 9.) Ms. Perri was using an electric scooter and alleges that she fell and shattered her femur because of a Royal Carribbean crewmember's negligence in assiting her. (DE 17 at ¶¶ 10-17.)

Within hours of the incident, Royal Carribbean dispatched a public safety officer, Ms. Junsay, to investigate the accident, including by interviewing Ms. Perri and the crewmember. Royal Carribbean maintains that the investigation was conducted in anticipation of litigation and is protected work product.[1]

## PROCEDURAL BACKGROUND

On July 11, 2023, Royal Carribean disclosed that, during the investigation, Ms. Perri told Ms. Junsay that she accidentally "press[ed] the lever" on the scooter, causing it to move. *See* Interrogatory Responses (attached as **Exhibit C**). Royal Carribbean also informed Ms. Perri that it intended to call Ms. Junsay as a witness to testify at trial. *See* Email Exchange

[1] *See* Response to Plaintiff's First Request for Admission (attached as **Exhibit A**). Ms. Junsay prepared a seven page accident/incident report, which contained, as attachments, (a) the guest injury statement of Ms. Perri; (b) seven photographs of the gangway area and pier; and (c) a written statement of the crewmember. *See* Defendant's Privilege Log (attached as **Exhibit B**).

of Parties (attached as **Exhibit D**). Ms. Perri noticed Ms. Junsay's deposition and asked that, before the deposition, Royal Carribbean produce Ms. Junsay's investigative report, attachments thereto, and related emails so that it could make use of these materials during cross-examination. Royal declined. Ms. Perri moved to compel.

On September 5, 2023, the Plaintiff noticed the issue for a discovery hearing. The single question presented to the Court was as follows:

> Whether Defendant Royal Caribbean Cruises LTD. can rely on the testimony of its investigator based on her investigation while simultaneously asserting work product privilege over her investigation and investigative file.

*See* (DE 20.)

On September 13, 2023, the Magistrate Judge held a hearing on the motion to compel. On September 14, 2023, the Magistrate Judge issued an order denying the Motion to Compel. At the outset of the order, the Magistrate Judge set forth a different issue than what Plaintiff noticed and argued, namely that "[Plaintiff] argued that Defendant had waived that protection by responding to an interrorgatory regarding a statement [*sic*] had made to the investigating employee." (DE 24, p. 1.) This was ***not*** the legal issue presented. By not addressing the inability of Royal to affirmatively rely on investigator testimony while simultaneously asserting work product privilege over the investigatory's investigation, the Magistrate Judge erred.

## STANDARD OF REVIEW

Under Rule 72, when a magistrate judge rules on "a pretrial matter not dispositive of a party's claims," a "party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). A district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a).

## ARGUMENT

The Court should order Royal to produce the investigative report of Ms. Junsay and related documents for one simple reason: Royal intends to affirmatively rely on Ms. Junsay's testimony at trial (and possibly the deposition) regarding her investigation in this case.

### A. Royal Cannot Rely on Investigator Testimony & Assert the Work Product Privilege over the Investigation.

Rule 26(b)(3) recognizes the existence of the work product privilege. Based on that privilege, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3).

But work product is a "qualified privilege." *Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 2222152, at *4 (S.D. Fla. May 27, 2008). "One example of a waiver is when the covered materials are used in a manner that is inconsistent with the protection." *Id.* (citations omitted). "Testimonial use of work product is a classic example of an inconsistent use of materials that belie continuing work product protection. Clearly a witness cannot offer testimony based on documents that he or she simultaneously claims are protected by the work product privilege. Thus, when the party claiming the privilege uses an investigator, or interviewer, as a witness and then attempts to prevent discovery of notes or other materials prepared by the investigator, or interviewer, on the subject of his or her testimony, it is settled that this waives the privilege." *Id.*

The Supreme Court case controlling this issue is *United States v. Nobles*, 422 U.S. 225 (1975). The case involved a bank robbery. *Id.* at 227. After the robbery, a defense investigator interviewed witnesses to the robbery. *Id.* After interviewing those witnesses, the

investigator prepared a report. *Id.* Later, at trial, defense counsel called the investigator to testify. *Id.* at 229. Before the government cross-examined the witness, the trial court ordered the defense to produce the report to the government, holding that the defense had waived any work product privilege regarding the report. *Id.* On appeal, the Supreme Court affirmed the trial court's order. The court explained:

> Here respondent sought to adduce the testimony of the investigator and contrast his recollection of the contested statements with that of the prosecution's witnesses. Respondent, ***by electing to present the investigator as a witness***, waived the privilege with respect to matters covered in his testimony.

*Id.* at 239 (emphasis added).

Here, Royal cannot rely on the testimony of Ms. Junsay without waiving the privilege over her investigative report and related materials. Royal has told plaintiff that it will use Ms. Junsay as a witness at trial, has presented her for deposition, and has partially disclosed an aspect of her investigation that Royal believes helps its case. In light of this, Royal must produce Ms. Junsay's investigative report ***before*** Ms. Junsay is deposed.

Nobably, it is no defense to say that, until Royal calls Ms. Junsay as a witness at trial and elicits testimony from her about her investigation, it may assert work product privilege over her report. That is so for two reasons. First, part of the civil discovery process permits a party to depose persons with knowledge and cross-examine them on that knowledge. In this instance, Royal has not only indicated that it intends to rely on Ms. Junsay as a witness but has further indicated that she intends to testify ***about her investigation***, including statements Ms. Perri allegedly made to her. The Plaintiff needs her investigative materials now so that she may effectively cross-examine her at the deposition. Second, and belatedly, by the time trial comes around, Ms. Junsay may no longer be employed by Royal and possibly no longer "available" to it under Rule of Evidence 803. As a result, Royal may later ague her

current deposition testimony ***is admissible in her case in its case in chief***. Plaintiff needs the report now to effectively cross-examine this critical witness.

On this issue, the case of *Stern v. O'Quinn*, 253 F.R.D. 663, 676 (S.D. Fla. 2008) is illustrative. In that case, the defendant employed two investigators to conduct an investigation. The plaintiff issued discovery requests seeking the investigative materials, and the defendants asserted work product privilege over them. Ultimately, Judge Rosenbaum ordered the defendants to produce the investigation materials, holding that they had impliedly waived the privilege. The defendants had done so, according to Judge Rosenbaum, because they "have indicated in their discovery responses their intention to rely upon information obtained through the [] investigation in making their defense." *Id.* at 677. The court reasoned that "it is simply not fair to allow a party to wield the work-product protection as a sword to cut out the heart of an opposing party's case while simultaneously brandishing it as a shield from disclosure of any Achilles heels." *Id.*

So too here. Royal has made clear that it intends to rely upon information obtained through the investigation in making its defense. Specifically, Royal said it plans to call Ms. Junsay as a witness, has presented her for deposition, and has selectively disclosed aspects of Ms. Junsay's purportedly privileged investigatiation that Royal wishes to use as a sword. In light of that, Royal may not shield the balance of Ms. Junsay's investigation from discovery.

**B. The Magistrate Judge's order was contrary to law.**

The Magistrate Judge's order denying the Plaintiff's motion to compel was contrary to law because it did not address the issue presented to the Court. Specifically, the Magistrate Judge reasoned that Royal had not waived the work product privilege ***by partially disclosing what Ms. Perri had told Ms. Junsay***. The Magistrate Judge reasoned:

> The scenario described by Plaintiff here, however, does not establish a waiver because the evidence Defendant provided to Plaintiff in the interrogatory response—a factual statement allegedly made by Plaintiff to Royal Caribbean's employee—was not protected work product. If Defendant had disclosed the sum and substance of its conclusions regarding the cause of the accident or of an expert it had hired, Defendant would have affirmatively waived work product protection for the full report to which it may have otherwise been entitled . . . . Thus, Defendant's production of Plaintiff's statement was required by Fed. R. Civ. P. 26(b)(3) and did not waive the work product protection of Defendant's investigative report.

*See* (DE 24 at p. 2-3.)

But, critically, the Plaintiff here was not arguing that Royal waived the work product privilege by partially disclosing an aspect of Ms. Junsay's investigation. Rather, Plaintiff argued that it was Royal's stated intention ***to affirmatively rely on Ms. Junsay's testimony at trial*** that triggered the waiver. And because Royal had indicated that Ms. Junsay would testify about her investigation, including what Ms. Perri had told her, Plaintiff argued that Royal had waived the work product privilege as to the balance of her investigation and related materials.

Of course, part of the challenge here was that, as is the practice of most magistrate judges in the Southern District of Florida, the parties were not permitted to brief this issue for the Magistrate Judge. Instead, Plaintiff was only permitted to provide supporting materials to the Court, including *United States v. Nobles*, 422 U.S. 225 (1975) and *Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 2222152, at *4 (S.D. Fla. May 27, 2008).

**Conclusion**

For the reasons stated above, Plaintiff asks the Court to order the disclosure of Ms. Junsay's report and the attachments to it.

Dated: September 29, 2023 Respectfully submitted,

**John R. Byrne**
John R. Byrne
Fla. Bar No. 0126294
john@maderalbyrne.com
Nicole Estrada
Fla. Bar No. 1017979
nicole@maderalbyrne.com
**Maderal Byrne & Furst PLLC**
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, F'orida 33134
Telephone: (305)520-5690
Attorney for Christopher Hansen