UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21309-KMW

BEVERLY PERRI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## DEFENDANT'S OMNIBUS MOTION IN LIMINE

    Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("Royal Caribbean"), by and through undersigned counsel, and consistent with the applicable rules of evidence cited herein, hereby files this Omnibus Motion in Limine for the exclusion of certain materials and evidence from trial.

## INTRODUCTION

    This is an action wherein the Plaintiff, Beverly Perri, alleges she was injured on Royal Caribbean's ship, the *Oasis of the Seas*. (DE 17).

**MEMORANDUM OF LAW**
**IMMATERIAL EVIDENCE TO BE EXCLUDED**

Based upon past experience in the defense of similar matters, undersigned counsel is on notice of a practice whereby plaintiffs attempt to misdirect a jury's attention from the factual and legal issues at hand by drawing attention to the disparity between a plaintiff and the wealthy foreign cruise line. Accordingly, Defendants respectfully move this Court for an Order prohibiting the following issues from being raised before the jury during trial.

A. **Plaintiff's Financial Resources**

Reference to Plaintiff's limited resources, or need for financial compensation, will serve only to prejudice the jury against Defendant and in favor of Plaintiff. Evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *City Provisioners, Inc. v. Anderson,* 578 So.2d 855, 856 (Fla. 5th DCA 1991). Such comments, which serve only to misdirect the jury's attention from the factual and legal issues at hand, are improper and impermissible. *Id*. "Argument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234, 241 (Fla. 5th DCA 1991), *rev. denied,* 601 So.2d 551 (Fla. 1992) (citations omitted). Therefore, this Court should not permit any reference to the wealth or poverty of Plaintiff. *See Brough v. Imperial Sterling, Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002), *citing*, *Batlemento,* 593 So.2d at 241.

B. **Reference to Defendant's Financial Resources or Disparity in Resources**

Similarly, this Court should also disallow any reference to Defendant's superior financial resources vis-a-vis Plaintiff. *Id*.; *Batlemento,* 593 So.2d at 241; *see Carnival Cruise Lines v. Rosania,* 546 So.2d 736, 737 (n.1) (Fla. 3d DCA 1989) ("They have a doctor, the best that money could buy. They went out and got a doctor... and think about how Carnival Cruise Lines

2

defended this particular case,"); *Klein v. Herring*, 347 So.2d 681, 682 (Fla. 3d DCA 1977) ("Think about the resources and the ability that State Farm Insurance Company has,"); *see also Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) (the ability of a defendant to pay injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result).

C. **Reference to Fact That Defendant is a Foreign Corporations**

Any reference to the fact that Defendant is a foreign corporation doing business in Florida or that certain vessels are foreign flagged is wholly irrelevant to the factual and legal issues at hand and will serve only to prejudice the jury against Defendants. For example, in *Neal v. Toyota Motor Corp.*, 823 F. Supp. 939 (N.D. Ga. 1993), Plaintiff's counsel made a xenophobic argument regarding the Japanese corporation defendant, Toyota Motor Corp., in an attempt to prejudice the jury or create an "us vs. them" mentality. *See Neal*, 823 F. Supp. at 943. The Court found that such references coupled with other improper remarks were highly improper. *Id*. at 943-44. *See also Knepper v. Genstar Corp.,* 537 So.2d 619, 621-22 (Fla. 3d DCA 1988) (ordering a new trial when the Plaintiff's attorney stressed the defendant's Canadian affiliations in an apparent attempt to elicit prejudice from the jury).

D. **Comments by Counsel Concerning Personal Knowledge or Justness of Cause**

Courts have long held that an attorney may not express his personal opinion as to the justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *United States v. Young*, 470 U.S. 1 (1985); *Polansky v. CNA Ins. Co.*, 852 F.2d 626, 627-28 (1st Cir. 1988); *Fineman v. Armstrong World Indus.*, 774 F. Supp. 266, 270 (D.N.J. 1991). Defendant therefore requests this Court to restrict Plaintiff from doing the same.

### E. Urging Jury to "Send a Message" to a Defendant

Comments to a jury urging them to "teach the defendant a lesson" or "let them know they can't get away with it" are prejudicial, and the allowance of same constitutes reversible error. For example, in *Neal v. Toyota Motor Corp.*, 823 F. Supp. at 942-45, the plaintiff's counsel made a "send the message argument" by stating among other things:

> I submit to you that the evidence in this case has shown that Toyota is not interested in the truth, they made no effort to seek it or find it out, and we're going to ask you at the close of this case to render a verdict that tells them the truth.

*Neal*, 823 F. Supp. at 944. The Court found these comments highly inappropriate. S*ee also Erie Insurance Co. v. Bushy*, 394 So. 2d 228, 229 (Fla. 5th DCA 1981) (holding that a plaintiff's attorney request of jurors to "send a message to those people and let them know that they are going to have to pay a penalty," was improper).

### F. Improper Statements of Law

It is well settled that responsibility for jury instructions on applicable law and its meaning rests solely with the trial court. Accordingly, any discussion by attorneys concerning applicable law prior to the Court's instruction to the jury concerning same is both misleading and confusing to the jury. *See e.g. Roberson v. State,* 24 So. 474 (Fla. 1898) (court properly prevented defense counsel from discussing definition of circumstantial evidence in voir dire); *U.S. v. Crockett*, 813 F.2d 1310 (4th Cir. 1987) (court properly prevented defense counsel from arguing to the jury his definition of reasonable doubt in closing argument). Similarly, arguments that misstate the law or suggest that the law should be disregarded in deciding a particular case are improper. *Eberhardt v. State*, 550 So.2d 102 (Fla. lst DCA 1989).

### G. Reference to Jury Verdict or Settlement in Unrelated Case

It is reversible error to allow argument concerning a jury's award or settlement in an unrelated case. *Wright and Ford Millworks, Inc. v. Long,* 412 So.2d 892 (Fla. 5th DCA 1982).

### H. Reference to Immaterial Matters and Events

Any reference to irrelevant and prejudicial matters unconnected to the case at bar is improper. *Eastern S.S. Lines, Inc. v. Martial,* 380 So.2d 1070 (Fla. 3d DCA 1980) (attorney's reference to Biblical story of Job and statement that he had gone to Vietnam and had seen it all was held to require reversal).

### I. Inflammatory Language or Evidence

Words and evidence put forth by the Plaintiff which solely aim to inflame and prejudice the jury must be stricken. Inflammatory, irrelevant evidence is improper and inadmissible, and under appropriate circumstances, its admission may constitute reversible error. *Brandom v. U.S.*, 431 F.2d 1391 (7th Cir. 1970); *cert. den'd*, 91 S.Ct. 586, 400 U.S. 1022 (1970). This Court has wide discretion in excluding testimony and statements which may confuse issues or inflame the jury. *U.S. v. Ravich*, 421 F.2d 1196 (2d Cir. 1970), *cert. den'd*, 91 S.Ct. 69, 400 U.S. 834 (1970).

### J. Reference to Unrelated Media Reports

Attempts at introduction into evidence of media investigative reports and/or news stories regarding Royal Caribbean and/or the cruise line industry are immaterial and would serve only to confuse the issues before the jury. Unless any such reports concern incidents which are similar in their causes and conditions, same are inadmissible. *I.B.L. Corp. v. Florida Power & Light Co.*, 400 So.2d 1288 (Fla. 3d DCA 1981); *see also Short v. Allen,* 254 So.2d 34 (Fla. 3d DCA 1971);

*Railway Express Agency v. Fulmer*, 227 So.2d 870 (Fla. 1969); *Elias v. Evenflo Company, Inc.*, 2005 U.S. Dist. LEXIS 36460 (M.D. Fla. 2005).

### K. Discussion of Law During Voir Dire And Opening Statement

It is well settled that responsibility for jury instruction on applicable law and its meaning rests solely with the trial court. Accordingly, any discussion by attorneys concerning applicable law prior to the Court's instruction to the jury concerning same is both misleading and confusing to the jury. *See Roberson,* 24 So. 474 (court properly prevented defense counsel from discussing definition of circumstantial evidence in voir dire); *U.S.*, 813 F.2d 1310 (court properly prevented defense counsel from arguing to the jury his definition of reasonable doubt in closing argument).

In addition, arguments that misstate the law or suggest that the law should be disregarded in deciding a particular case are improper. *Eberhardt*, 550 So.2d 102. Similarly, it is well settled that the purpose of voir dire is "to ascertain the qualifications of persons drawn as jurors and whether they would be absolutely impartial in their judgment." *Mizell v. New Kingsley Beach, Inc.,* 122 So.2d 225 (Fla. 1st DCA 1960). As such, it is improper to attempt to use voir dire to "condition" prospective jurors on the merits of the case. *Tampa Electric Company v. Bazemore,* 96 So. 297 (Fla. 1923) (improper to interrogate juror concerning merits of case and applicable law).

In the same vein, the purpose of opening argument is to discuss what the parties expect the evidence will show, and not to discuss counsel's interpretation of the law applicable to a given case. As such, it is improper for counsel to read either statutes, legal extracts, or legal opinions to the jury in opening argument. *Tindall v. State,* 128 So. 494 (Fla. 1930); *Brownlee v. State,* 116 So. 618 (Fla. 1928).

WHEREFORE, Defendant respectfully moves this Court for entry of an Order prohibiting Plaintiff from raising the foregoing issues before the jury during the trial of this matter.

## RULE 7.1

The undersigned conferred with counsel for the Plaintiff prior to filing this motion who is still reviewing these motions in limine and, in her response, will note ones to which she does not object.

Respectfully submitted,

/s/Andrew D. Craven
Andrew D. Craven [FBN: 185388]
acraven@chartwelllaw.com
THE CHARTWELL LAW
OFFICES, LLP
200 South Biscayne Boulevard, Suite 300
Miami, Florida 33131-5322
Telephone:  (305) 372-9044
Facsimile:   (305) 372-5044
Attorneys for DEFENDANT

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true copy of the foregoing was served via Email on January 16, 2024 upon: John R. Byrne, Esq., john@maderalbyrne.com, Nicole Estrada, Esq., nicole@maderalbyrne.com, Maderal Byrne & Furst PLLC, 2800 Ponce de Leon Blvd., Suite 1100, Coral Gables, FL 33134.

> THE CHARTWELL LAW OFFICES, LLP
> Attorney for Defendant
> Andrew D. Craven, Esq.
> acraven@chartwelllaw.com
> The Chartwell Law Offices, LLP
> 100 SE 2nd Street, Suite 2150
> Miami, Florida   33131
> Tel. (305) 372-9044
> Fax (305) 372-5044
> *Attorney for Defendant*
>
> By: ***/s/Andrew D. Craven***
>      Andrew D. Craven [FBN:  185388]